IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REG MAX II, L.L.C., A Nebraska Limited Liability Company, d/b/a RE/MAX REAL ESTATE GROUP, ROBYN KUHNEL, its agent, and RICHARD MAROLF, its agent, | ) ) ) ) ) ) | 4:05CV3285 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CROKER, HUCK, KASHER, DEWITT, ANDERSON & GONDERINGER, P.C.; MIDLAND TREATMENT & REHABILITATION CENTER FOR BOYS, a Nebraska non-profit corporation, and CLARENCE E. JONES, and DARLA JONES, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court upon the motion of defendant Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C. ("Croker, Huck P.C.") to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(4) and Fed. R. Civ. P. 12(b)(5) for the reason that there has been an insufficiency of process and/or an insufficiency of service of process. (Filing 10.) Plaintiff has not responded to the motion.

The law firm entity named as a defendant in this action is Croker, Huck P.C. Plaintiffs have not served process on Croker, Huck, P.C. Rather, they have served Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C. (Croker, Huck L.L.C.). (Filing 5, Return of service.) The L.L.C. is a different entity than the P.C. Plaintiff has not served the Croker, Huck entity which is a defendant in this suit.

Plaintiffs' counsel was aware that there was a distinction between the P.C. and the L.L.P. at the time the summons was issued and served.[1]

This is a diversity action. Under Nebraska law, although an action is deemed "commenced" on the date the complaint is filed, an action "shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." Neb. Rev. Stat. Ann. § 25-217 (LexisNexis 2004). The brief submitted by Croker, Huck P.C. asserts that section 25-217 governs whether service was timely in this diversity case. (Filing 11, Br. in Supp. of Rule 12(b) Mot. to Dismiss at 3-7.)  I agree.  Benjamin A. Kahn & William R. Skallerud, <u>Commencement of State Claims in Federal Court: An Eighth Circuit Analysis</u>, 25 Wm. Mitchell L. Rev. 913, 918 & n.31 (1999) (discussing Neb. Rev. Stat. § 25-217 and stating "if service is not perfected within six months of the filing," the action will be dismissed with prejudice).

More than six calendar months have passed since the complaint was filed on November 21, 2005. However, a stay was in effect in this action from April 3, 2006, to June 1, 2006. (Filing 8 (imposing stay), Filing 9 (lifting stay).) The stay provided that

> This case is stayed until further order of the court. No pleadings, motions, or other papers or documents may be filed until this stay is lifted. The clerk shall notify the parties of this order, and shall return, undocketed, any papers, pleadings, motions or documents received for

---

[1] As the plaintiffs did not respond to the motion, the moving party's statement of facts is deemed admitted. NECivR 7.1. The brief in support of the motion recited that "Plaintiffs knew that there was a distinction between the P.C. and the L.L.C. at the time the Summons was issued and served, as reflected by the Complaint it filed, specifically naming the P.C. rather than the L.L.C. as a defendant." (Filing 11, Br. in Supp. of Rule 12(b) Mot. to Dismiss at 2.)

filing, or alternatively, if any have been docketed after the entry of this order, strike them from the docket.

(Filing 8.) As the stay was not imposed because of the conduct of the plaintiffs, or because of the conduct of their counsel in this action, for the purpose of resolving the motion before me I find that the six month period of Neb. Rev. Stat. Ann. § 25-217 was equitably tolled during the period of the stay, and that the latest date on which service could be timely effected was July 25, 2006.[2]

Plaintiffs have failed to timely serve process upon defendant Croker, Huck P.C.. As the record reflects no return of service upon the other three named defendants, Plaintiffs have failed to timely serve those defendants as well. Thus this action must be dismissed without prejudice as to all defendants.

IT IS ORDERED:

1. The motion in filing 10 is granted to the extent set forth below and otherwise denied;

2. This action is dismissed without prejudice as to all defendants; and

---

[2]For the sole purpose of ruling on this motion, and to the extent there could be any question about the calculation of the relevant time periods, I have resolved any uncertainties in favor of the plaintiffs. The calculation is based on these assumptions:
- the 6-month period of section 25-217 consists of 6 months of 31 days, or 186 days;
- equitable tolling during the stay extended this period by 60 days (counting both the date the stay was imposed and the date the stay was lifted);
- taking equitable tolling into account, plaintiffs had 246 days from November 21, 2005 to effect service of process; and
- counting November 22, 2005 as the first possible day for service, the date that is 246 days after November 21, 2005 is July 25, 2006.

3. Judgment will be entered by separate order.

July 31, 2006.                    BY THE COURT:

                                  *s/Richard G. Kopf*
                                  United States District Judge